

JUL 20 2017

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# Attachment A

SEALED

FILED

JUN 0 1 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

1  PHILLIP A. TALBERT
   United States Attorney
2  GRANT B. RABENN
   PAUL A. HEMESATH
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile:  (559) 497-4099

6  KENNETH A. BLANCO
   Acting Assistant Attorney General
7  Criminal Division, United States Justice Department
   LOUISA K. MARION
8  Trial Attorney
   Computer Crime and Intellectual Property Section
9  Washington, DC 20530
   Telephone: (202) 514-1026

10
   Attorneys for Plaintiff
11 United States of America

12              IN THE UNITED STATES DISTRICT COURT

13              EASTERN DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,              CASE NO. 1: 1 7 CR - 0 0 1 4 4 LJO SKO

15                    Plaintiff,          VIOLATIONS:
16                                        18 U.S.C. § 1962(d) – Conspiracy to Engage in a
             v.                           Racketeer Influenced Corrupt Organization;
17                                        21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (b)(1)(C),
   ALEXANDRE CAZES,                       841(h), and 843(b) – Narcotics Conspiracy; 21 U.S.C.
18 aka "ALPHA02,"                         §§ 841(a)(1), (b)(1)(C), & 846, and 18 U.S.C. § 2 –
   aka "ADMIN,"                           Distribution of a Controlled Substance, Attempt, and
19                                        Aiding and Abetting (5 Counts);  21 U.S.C.
                    Defendant.            §§ 841(a)(1), (b)(1)(A), & 846, and 18 U.S.C. § 2 –
20                                        Distribution of a Controlled Substance, Attempt, and
                                          Aiding and Abetting; 18 U.S.C. § 1028(f) –
21                                        Conspiracy to Commit Identity Theft and Fraud;
                                          18 U.S.C. § 1028(a)(2), (b)(1)(A)(ii), & (f), and
22                                        18 U.S.C. § 2 – Unlawful Transfer of a False
                                          Identification Document, Attempt, and Aiding and
23                                        Abetting (4 Counts); 18 U.S.C. § 1029(b)(2) –
                                          Conspiracy to Commit Access Device Fraud;
24                                        18 U.S.C. § 1029(a)(4), (b)(1), & (c)(1)(A)(ii), and
                                          18 U.S.C. § 2 – Trafficking in Device Making
25                                        Equipment, Attempt, and Aiding and Abetting;
                                          18 U.S.C. § 1956(h) – Money Laundering
26                                        Conspiracy; and 18 U.S.C. §§ 982(a)(1),
                                          982(a)(2)(B), 1028(b), 1029(c)(1)(C), 1963(a)(1),
27                                        (a)(2), (a)(3), and 21 U.S.C. § 853(a) – Criminal
                                          Forfeiture.
28

   INDICTMENT                             1

I N D I C T M E N T

I.    GENERAL ALLEGATIONS

At all relevant times herein:

1.    Defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," is a Canadian citizen by birth, and obtained citizenship from Antigua and Barbuda in or around February 2017. He has resided in or around Quebec, Canada, and Bangkok, Thailand.

2.    In or around July 2014, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," with other persons, known and unknown to the Grand Jury, created AlphaBay (also referred to as the "AlphaBay Market"), a dark-web marketplace designed to enable users to buy and sell illegal goods, including controlled substances, stolen and fraudulent identification documents and access devices, counterfeit goods, malware and other computer hacking tools, firearms, and toxic chemicals. The site also allowed users to buy and sell illegal services, such as money laundering. AlphaBay was used by thousands of vendors to distribute controlled substances and other illegal goods and services to buyers throughout the world, and to launder hundreds of millions of dollars deriving from these illegal transactions. AlphaBay also provided a private, internal messaging service through which staff, vendors, and buyers could communicate, as well as an associated web forum called the "AlphaBay Market Forum."

3.    AlphaBay existed on the dark web, meaning it was accessible only through The Onion Router ("Tor") network, which anonymized the Internet Protocol ("IP") addresses of its underlying servers. The use of Tor also made it difficult to identify the true physical locations of the website's administrators, moderators, and users. AlphaBay required its users to transact in digital currencies, including Bitcoin, Monero, and Ethereum. The site did not allow for transactions in official, government-backed currencies.

4.    Digital currencies are electronically sourced units of value that exist on the Internet and are not stored in a physical form. They are not issued by any government, but instead are generated and controlled through computer software operating on decentralized peer-to-peer networks. Users of digital currencies send units of value to and from "addresses," which are unique strings of numbers and letters functioning like a public account number. Digital currency transactions are recorded on a publicly

2

1    available, distributed ledger, often referred to as a "blockchain." Because digital currencies are

2    transferred peer-to-peer, users can avoid traditional, regulated financial institutions, which collect

3    information about their customers and maintain anti-money laundering and fraud programs. AlphaBay

4    and its users were able to bypass the traditional financial systems by only accepting digital currencies.

5         5.    AlphaBay required its users, both vendors and buyers, to execute transactions through

6    digital currency addresses hosted and ultimately controlled by the site. Before purchasing a good or

7    service, a buyer would load funds to an AlphaBay-controlled digital currency address. Once loaded,

8    AlphaBay credited the user's account by that amount. A buyer could initiate a purchase by selecting an

9    illegal good or service from a vendor and sending funds from their AlphaBay user account to an escrow

10   account controlled and maintained by AlphaBay. Upon receipt of an illegal good or service, the buyer

11   would notify AlphaBay that the transaction was completed. AlphaBay would then release the funds

12   from the escrow account to the vendor's AlphaBay account. From that point, a vendor could direct

13   AlphaBay to transfer the ill-gotten funds to digital currency addresses outside of the AlphaBay platform

14   and under the vendor's control. Buyers could transfer funds from their AlphaBay accounts in the same

15   manner. For transactions leaving the site, AlphaBay provided "tumbling" and "mixing" services to

16   attempt to obscure the historical trail of digital currency associated with the site and its users. AlphaBay

17   also advertised other external mixing and tumbling services to its users.

18        6.    AlphaBay's user interface was configured like a conventional e-commerce website.

19   Users could sign up for free and provide a screen name and password of their choosing. The site

20   encouraged users to not include any information in their profile that could reveal their true identities.

21   AlphaBay provided a search tool allowing users to choose the type of illegal good or service they

22   wanted to purchase. Users could also search by price ranges, popularity of items, vendors, origin or

23   shipping country, and payment types. Further, AlphaBay's homepage allowed users to browse

24   categories of illegal goods, with categories including: fraud, drugs and chemicals, counterfeit items,

25   weapons, carded items, i.e., stolen credit card numbers and other access devices, services, software and

26   malware.

27        7.    To become a vendor, a user was required to send a refundable vendor bond to the site.

28   AlphaBay allowed for users to leave "positive," "neutral," and "negative" feedback about vendors,

1  which other users could use in choosing which vendors they would buy from.  If a vendor or buyer

2  disputed a transaction, AlphaBay provided dispute settlement services, and could permanently block

3  vendors or buyers from carrying out future transactions on the site.  To sell illegal goods or services on

4  AlphaBay, vendors could simply create listings on the site for buyers to see and then transact with

5  buyers, as described above.

6        8.    As agreed to by all vendors, AlphaBay took a percentage of the purchase price as a

7  commission on the illegal transactions conducted through its website.  ALEXANDRE CAZES, aka

8  "ALPHA02," aka "ADMIN," and other operators and employees of the site, controlled and profited

9  from those commissions, which were worth at least tens of millions of dollars.

10                                             **THE ENTERPRISE**

11        9.    Defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and others known

12  and unknown to the Grand Jury, were members and associates of a criminal organization, hereafter, the

13  "ALPHABAY ORGANIZATION," whose members engaged in acts of: drug trafficking; trafficking in

14  counterfeit and stolen identification documents, counterfeit goods, unauthorized access devices, device-

15  making equipment, and malware and other computer hacking tools; illegal firearms distribution; and

16  money laundering, and whose members interfered with interstate and foreign commerce through acts of:

17  drug trafficking; trafficking in counterfeit and stolen identification documents, counterfeit goods,

18  unauthorized access devices, and device-making equipment, and malware and other computer hacking

19  tools; illegal firearms distributions; and money laundering.  Members and associates of the ALPHABAY

20  ORGANIZATION operated throughout the world, including in Bangkok, Thailand, and in the Counties

21  of Fresno, Merced, ▉▉▉▉ and ▉▉▉▉ within the State and Eastern District of California.

22       10.    The ALPHABAY ORGANIZATION, including its leadership, members, and associates,

23  constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group

24  of individuals associated in fact, although not a legal entity.  The enterprise constituted an ongoing

25  organization whose members functioned as a continuing unit for a common purpose of achieving the

26  objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and

27  foreign commerce.

28  ///

**PURPOSES OF THE ENTERPRISE**

11.     The purposes of the enterprise included, but were not limited to, the following:

A.      to create, maintain, and control a dark-web marketplace for trafficking in narcotics, counterfeit and stolen identification documents, unauthorized access devices, counterfeit goods, device-making equipment, malware and other computer hacking tools, illegal firearms, and other illegal goods and services, and to launder the proceeds of such conduct;

B.      to enrich the leaders, members, and associates of the enterprise by taking a commission from each illegal transaction conducted through the dark-web marketplace created, maintained, and controlled by the enterprise;

C.      to promote and enhance the reputation and standing of the enterprise and its leaders, members, and associates;

D.      to preserve and protect the enterprise's profits and client base through acts of money laundering; and

E.      to protect the enterprise and its leaders, members, and associates from detection, apprehension, and prosecution by law enforcement, and from attacks by enemies, such as hackers and rival dark-web marketplaces.

**MEANS AND METHODS OF THE ENTERPRISE**

12.     The means and methods by which defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise included, but were not limited to, the following:

A.      Members and associates of the ALPHABAY ORGANIZATION distributed, and facilitated the distribution of, controlled substances, including marijuana, heroin, cocaine, fentanyl, and methamphetamines, through the AlphaBay website.

B.      Members and associates of the ALPHABAY ORGANIZATION distributed, and facilitated the distribution of, counterfeit and stolen identification documents, unauthorized access devices, counterfeit goods, device-making equipment, and malware and other computer hacking tools.

INDICTMENT                                              5

C.     Members and associates of the ALPHABAY ORGANIZATION facilitated the provision of illegal services, including money laundering and "swatting," i.e., bomb threats and false reports to law enforcement.

D.     Members and associates of the ALPHABAY ORGANIZATION illegally sold, and facilitated the illegal sale of, firearms and firearm parts.

E.     Members and associates of the ALPHABAY ORGANIZATION laundered money through the AlphaBay website by maintaining and controlling digital currency addresses through which customers paid vendors on the AlphaBay website, and providing mixing and tumbling services for digital currency transactions from the AlphaBay-hosted digital currency addresses to addresses outside of the AlphaBay website. Members and associates of the ALPHABAY ORGANIZATION also laundered money by taking a percentage of all illegal transactions as a commission, and sending those commissions to members and associates of the ALPHABAY ORGANIZATION as salary payments. Further, members and associates of the ALPHABAY ORGANIZATION laundered money by sending their proceeds from administering the AlphaBay website to digital currency exchangers, where the funds were converted into official, fiat currency and spent on personal goods and services.

F.     Members and associates of the ALPHABAY ORGANIZATION used various means of communication designed to protect the membership's anonymity and to provide security for the criminal organization from attack by hackers, other criminal organizations, and from law enforcement, including but not limited to:

    i.     An internally hosted messaging service on the AlphaBay website, which was controlled by the ALPHABAY ORGANIZATION;

    ii.     An internally hosted forum called the "AlphaBay Market Forum," which was controlled by the ALPHABAY ORGANIZATION;

    iii.     Private messaging, including through Jabber, an encrypted instant messaging and multi-user conferencing technology;

iv.   "Pretty Good Privacy" ("PGP") encryption, which was required for all vendor communications and encouraged for all other users;

v.   Proxies, which bounced network traffic from one computer to another to hide a member's true originating IP address, including through the Tor network;

vi.   Multiple contingency Uniform Resource Locators ("URLs") on the Tor network for redundancy in case of seizure by law enforcement or attack by enemies, such as through a distributed denial of service ("DDOS") attack;

vii.   Virtual Private Networks ("VPNs"), which are similar to proxies, but with the addition of creating an encrypted tunnel; and

viii.   Public websites, including Reddit (at "www.reddit.com").

G.   Members and associates of the ALPHABAY ORGANIZATION used digital currencies, including Bitcoin, to facilitate illegal transactions on the website, to protect the membership's anonymity, and to facilitate the laundering of the membership's ill-gotten gains. Members and associates of the enterprise also provided mixing and tumbling services for the website's users, which assisted them in attempting to obscure the historical trail of digital currencies transferred from user accounts on the website to privately held digital currency addresses outside of the site's purview.

**ROLE OF THE DEFENDANT AND CO-CONSPIRATORS**

13.   Leaders, members, and associates of the ALPHABAY ORGANIZATION had defined roles in the enterprise. At all times relevant to this indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," (herein "CAZES") and other persons, known and unknown to the Grand Jury, participated in the operation and management of the enterprise as follows:

**Administrator:**

14.   Defendant CAZES created and founded the ALPHABAY ORGANIZATION and its online platform, which included the AlphaBay Market and the AlphaBay Market Forum. CAZES began

INDICTMENT     7

1   creating the AlphaBay online platform in or around July 2014, and, with other persons, known and
2   unknown to the Grand Jury, publicly launched the site in or around December 2014. CAZES served as
3   the leader of the managers and operators of the criminal organization, who, collectively, controlled the
4   destiny of the enterprise.

5       15.     CAZES had ultimate control of the ALPHABAY ORGANIZATION, including its
6   membership. CAZES had final authority to delete the accounts of moderators, vendors, and buyers on
7   the website and forum. CAZES also had final authority in settling disputes among moderators, vendors,
8   and other users of the website. CAZES was ultimately responsible for the website's operational security
9   and technology updates. CAZES controlled the ALPHABAY ORGANIZATION's earnings, which
10  derived primarily from a commission it made on every transaction occurring through the website. He
11  also had final control over salary payments to the staff members in the ALPHABAY ORGANIZATION,
12  which were made in digital currencies, such as Bitcoin.

13      **Security Administrator:**

14      16.     The ALPHABAY ORGANIZATION employed a "security administrator" responsible
15  for administering the AlphaBay online platform with CAZES. The security administrator had high-level
16  access to the website and, with CAZES, was responsible for the website's operational security and
17  technology updates. The security administrator also had partial control of moderator, vendor, and other
18  users' accounts on the AlphaBay online platform.

19      **Moderators:**

20      17.     The ALPHABAY ORGANIZATION employed moderators to review and moderate
21  disputes among vendors and buyers on the website. Moderators had access to portions of the AlphaBay
22  platform that were not available to the general public. Moderators had the authority to refund payments
23  from buyers on the website, to restore a user's access to the site, to engage in staff-only discussions and
24  meetings, and to view the amount of digital currency available to other members of the ALPHABAY
25  ORGANIZATION. Moderators were paid based in part on the amount of work they performed for the
26  ALPHABAY ORGANIZATION.

27  ///

28  ///

INDICTMENT                                    8

**Scam Watch:**

18.     The ALPHABAY ORGANIZATION employed "scam watchers" responsible for monitoring and quashing phishing attempts and other scams being carried out on the AlphaBay online platform.

**Public Relations Manager:**

19.     The ALPHABAY ORGANIZATION employed a public relations manager responsible for outreach to the website's users and the broader dark-web community. The public relations manager posted updates about the website on the internally hosted AlphaBay Market Forum, and on public websites, such as Reddit. The public relations manager also assisted the website's users with issues they had with the website, such as dispute settlement.

**Vendors:**

20.     The ALPHABAY ORGANIZATION facilitated the sale of illegal goods and services on its website. Those sales were made by vendors. Vendors were users who had paid a refundable vendor bond and were thus given permission to create listings for the sale of illegal goods and services. Vendors were assigned "trust levels" by the AlphaBay website based on several factors, including the amount of goods sold and reviews from customers. As alleged above, vendors received payments from customers through digital currency addresses hosted by the AlphaBay website. A percentage of all payments were kept by the ALPHABAY ORGANIZATION. Further, vendors communicated with their customers through an encrypted, internal messaging service hosted by the AlphaBay website. In addition, vendors used AlphaBay moderators and other employees to assist in settling disputes with customers.

COUNT ONE:   [18 U.S.C. § 1962(d) – Conspiracy to Engage in a Racketeer Influenced Corrupt Organization]

The Grand Jury charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

21.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

1      22.    Beginning no later than in or around July 2014 and continuing to in or around June 2017,

2 in the Counties of Fresno, Merced, ████████████ in the State and Eastern District of

3 California and elsewhere, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," with

4 other persons, known and unknown to the Grand Jury, being persons employed by and associated with

5 the ALPHABAY ORGANIZATION, an enterprise, which engaged in, and the activities of which

6 affected, interstate and foreign commerce, knowingly and intentionally conspired to violate Title 18,

7 United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the

8 conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined

9 in Title 18, United States Code, Sections 1961(1) and (5), consisting of multiple acts indictable under 18

10 U.S.C. § 1028 (fraud in connection with identification documents), 18 U.S.C. § 1029 (fraud in

11 connection with access devices), and 18 U.S.C. §§ 1956, 1957 (money laundering); and multiple

12 offenses involving narcotics trafficking, in violation of 21 U.S.C. §§ 841, 843, and 846 (drug trafficking,

13 use of a communication facility, and conspiracy).

14

15

16      23.    It was a part of the conspiracy that defendant ALEXANDRE CAZES, aka "ALPHA02,"

17 aka "ADMIN," agreed that at least two acts of racketeering activity would be committed by a

18 conspirator in the conduct of the affairs of the enterprise.

19      All in violation of Title 18, United States Code, Section 1962(d).

20

21 COUNT TWO:   [21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), & (b)(1)(C), 841(h), and 843(b) –
                 Narcotics Conspiracy]

22      The Grand Jury charges:

23

24                       ALEXANDRE CAZES,
                 aka "ALPHA02," aka "ADMIN,"

25 defendant herein, as follows:

26      24.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

27      25.    Beginning no later than in or around July 2014 and continuing to in or around June 2017,

28

1  in the Counties of Fresno, Merced, ███████████ within the State and Eastern District of

2  California, and elsewhere, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," did knowingly

3  and intentionally conspire with other persons, known and unknown to the Grand Jury, to violate, Title

4

5  21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(C), 841(h), and 843(b), all in violation of

6  Title 21, United States Code, Section 846.

7      26.      It was a part and object of the conspiracy that ALEXANDRE CAZES,

8  aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and

9  did distribute controlled substances, including but not limited to: marijuana, heroin, cocaine, fentanyl,

10  and methamphetamines, on AlphaBay, a dark-web marketplace, and did aid and abet such distribution,

11  in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and (b)(1)(C), and Title 18,

12  United States Code, Section 2.

13

14      27.      It was further a part and object of the conspiracy that ALEXANDRE CAZES,

15  aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and

16  did deliver, distribute, and dispense controlled substances, including but not limited to: marijuana,

17  heroin, cocaine, fentanyl, and methamphetamines, by means of the Internet, including through

18  AlphaBay, a dark-web marketplace, in a manner not authorized by law, and did aid and abet such

19  conduct, in violation of Title 21, United States Code, Section 841(h), and Title 18, United States Code,

20  Section 2.

21

22      28.      It was further a part and object of the conspiracy that ALEXANDRE CAZES,

23  aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and

24  did knowingly and intentionally use a communication facility, including AlphaBay, a dark-web

25  marketplace, in committing and in causing and facilitating the commission of acts constituting a felony

26  under Title 21, United States Code, Sections 841 and 846, and did aid and abet such conduct, in

27  violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

28

INDICTMENT                                        11

29.     The controlled substances ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN,"

conspired to distribute included, among others: at least one kilogram of mixtures and substances

containing a detectable amount of heroin, a Schedule I controlled substance; at least 50 grams of

methamphetamine (actual), a Schedule II controlled substance; and at least 1,000 kilograms of

marijuana, a Schedule I controlled substance.

All in violation of Title 21, United State Code, Section 846.

COUNT THREE:   [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of
a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

30.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

31.     On the dates set forth in the table below, the defendant, with other persons, known and

unknown to the Grand Jury, in the County of Merced, within the State and Eastern District of California,

and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and

intentionally distribute, and aid and abet the distribution of, marijuana, a Schedule I controlled

substance.

| **AlphaBay Vendor** | **AlphaBay Buyer** | **Appx. Purchase Date** | **Appx. Mailing Date** | **Appx. Mailing Locations** | **Controlled Substance** |
|---|---|---|---|---|---|
| "CC4L" | "MG," an undercover agent | 12/29/2015 | 12/31/2015 | Merced, California to Buffalo, New York | Marijuana |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and

Title 18, United States Code, Section 2.

///

///

INDICTMENT

12

COUNT FOUR:   [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

32.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

33.    On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and intentionally distribute, and aid and abet the distribution of, heroin, a Schedule I controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| "A51" | ███████ an undercover agent | 05/16/2016 | 05/20/2016 | Brooklyn, New York to Fresno, California | Heroin |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

COUNT FIVE:   [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

34.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

35.    On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and

INDICTMENT

13

intentionally distribute, and aid and abet the distribution of, heroin, a Schedule I controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| "A51" | ██ an undercover agent | 05/24/2016 | 05/27/2016 | Brooklyn, New York to Fresno, California | Heroin |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

COUNT SIX:   [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

36.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

37.     On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and intentionally distribute, and aid and abet the distribution of, heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| "BSB" | ██ an undercover agent | 10/20/2016 | 10/25/2016 | San Francisco, California to Fresno, California | Heroin and Fentanyl |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

///

INDICTMENT

14

1    COUNT SEVEN:   [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of
                    a Controlled Substance, Attempt, and Aiding and Abetting]
2

3         The Grand Jury further charges:

4                              ALEXANDRE CAZES,
                          aka "ALPHA02," aka "ADMIN,"
5    defendant herein, as follows:

6         38.   Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

7         39.   On the dates set forth in the table below, the defendant, with other persons, known and

8    unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California,

9    and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and

10

11   intentionally distribute, and aid and abet the distribution of, marijuana, a Schedule I controlled

12   substance.

13

| **AlphaBay Vendor** | **AlphaBay Buyer** | **Appx. Purchase Date** | **Appx. Mailing Date** | **Appx. Mailing Locations** | **Controlled Substance** |
|---|---|---|---|---|---|
| ███ | ███ an undercover agent | ███2016 | ███2016 | Los Angeles, California to ███ California | Marijuana |

17        All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and

18   Title 18, United States Code, Section 2.

19   COUNT EIGHT:   [21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and 18 U.S.C. § 2 – Distribution of
                    a Controlled Substance, Attempt, and Aiding and Abetting]
20

21        The Grand Jury further charges:

22                             ALEXANDRE CAZES,
                          aka "ALPHA02," aka "ADMIN,"
23   defendant herein, as follows:

24

25        40.   Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

26        41.   On the dates set forth in the table below, the defendant, with other persons, known and

27   unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California,

28   and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and

1  intentionally distribute, and aid and abet the distribution of at least 50 grams of methamphetamine

2  (actual), a Schedule II controlled substance.

3

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| ▮ | ▮ an undercover agent | ▮ 2017 | ▮ 2017 | ▮ California to ▮ California | Methamphetamine (actual) (more than 50 grams) |

8      All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, and

9  Title 18, United States Code, Section 2.

10  COUNT NINE:    [18 U.S.C. § 1028(f) – Conspiracy to Commit Identity Theft and Fraud Related to
                   Identification Documents]

11      The Grand Jury charges:

12                              ALEXANDRE CAZES,
13                      aka "ALPHA02," aka "ADMIN,"

14  defendant herein, as follows:

15      42.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

16      43.    Beginning in or around July 2014 and continuing to in or around June 2017, in the

17  County of ▮ within the State and Eastern District of California, and elsewhere, ALEXANDRE

18  CAZES, aka "ALPHA02," aka "ADMIN," did knowingly and intentionally conspire with other persons,

19  known and unknown to the Grand Jury, to violate Title 18, United States Code, Sections 1028(a)(2) &

20

21  (f), and Title 18, United States Code, Section 2, all in violation of Title 18, United States Code, Section

22  1028(f).

23      44.    It was a part and object of the conspiracy that ALEXANDRE CAZES,

24  aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and

25  did knowingly transfer false identification documents knowing that such documents were produced

26  without lawful authority, and the transfer of such identification documents was in and affected interstate

27  and foreign commerce, and did aid and abet such transfers, in violation of Title 18, United States Code,

28

INDICTMENT                              16

1  Section 1028(a)(2), (b)(1)(A)(ii), and (f); and Title 18, United States Code, Section 2.

2    45.    In furtherance of the conspiracy and to effectuate the objects and purposes of the

3  conspiracy, the following overt acts, in addition to others, were committed in the Eastern District of

4  California, and elsewhere:

5

6    a.    In or around December 2014, the defendant, with others, known and unknown to the

7  Grand Jury, publicly launched AlphaBay, a dark-web marketplace allowing for and facilitating

8  the sale and transfer of counterfeit and stolen identification documents and authentication

9  features.

10    b.    From in or around December 2014 continuing through in or around June 2017, the

11  defendant, with others, known and unknown to the Grand Jury, collected a commission on all

12  sales made through the AlphaBay website.

13

14    c.    On or about ███████ 2015, AlphaBay vendor ██████ mailed a false ██████ State

15  Driver license from in or around ████████████ to an undercover law enforcement officer

16  operating on AlphaBay as user ████ in or around ██████ California.

17    d.    On or about ██████ 2016, AlphaBay vendor ██████ mailed two false ██████ State

18  Driver licenses from in or around ████████████ to an undercover law enforcement

19  officer operating on AlphaBay as user ████ in or around ██████ California.

20

21    e.    On or about ████████ 2016, AlphaBay vendor ████ mailed a false ██████ State

22  Driver license from in or around ████████████ to an undercover law enforcement officer

23  operating on AlphaBay as user ████ in or around ██████ California.

24    All in violation of Title 18, United States Code, Section 1028(f).

25  ///

26  ///

27  ///

28  ///

<u>COUNTS TEN THROUGH THIRTEEN</u>:   [18 U.S.C. § 1028(a)(2), (b)(1)(A)(ii), & (f), and 18 U.S.C.
§ 2 – Unlawful Transfer of a False Identification Document,
Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

46.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

47.     On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of ▮▮▮ within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly transfer false identification documents as defined in 18 U.S.C. § 1028(d)(4), to wit: false ▮▮▮ State Driver licenses, as set forth in the table below, knowing that such documents were produced without lawful authority, and the transfers of such identification documents were in and affected interstate and foreign commerce.

| <u>Count</u> | <u>On or About Transfer Date</u> | <u>Document Type/ Appx. Mailing Locations</u> | <u>AlphaBay Vendor</u> | <u>AlphaBay Buyer</u> |
|---|---|---|---|---|
| Ten | ▮▮▮ 2015 | False ▮▮▮ State Driver license mailed from ▮▮▮ | ▮▮▮ | ▮▮▮ an undercover agent, in ▮▮▮ California |
| Eleven | ▮▮▮ 2016 | False ▮▮▮ State Driver license mailed from ▮▮▮ | ▮▮▮ | ▮▮▮ an undercover agent, in ▮▮▮ California |
| Twelve | ▮▮▮ 2016 | False ▮▮▮ State Driver license mailed from ▮▮▮ | ▮▮▮ | ▮▮▮ an undercover agent, in ▮▮▮ California |
| Thirteen | ▮▮▮ 2016 | False ▮▮▮ State Driver license mailed from ▮▮▮ | ▮▮▮ | ▮▮▮ an undercover agent, in ▮▮▮ California |

All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A)(ii), and (f), and Title 18, United States Code, Section 2.

1 COUNT FOURTEEN:   [18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud]

2     The Grand Jury charges:

3 ALEXANDRE CAZES,<br>aka "ALPHA02," aka "ADMIN,"

4 defendant herein, as follows:

5

6     48.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

7     49.    Beginning in or around July 2014 and continuing to in or around June 2017, in the

8 County of ▮▮▮ within the State and Eastern District of California, and elsewhere, ALEXANDRE

9 CAZES, aka "ALPHA02," aka "ADMIN," did knowingly and intentionally conspire with other persons,

10 known and unknown to the Grand Jury, to violate Title 18, United States Code, Sections 1029(a)(2),

11 (a)(4), and Title 18, United States Code, Section 2.

12     50.    It was a part and object of the conspiracy that ALEXANDRE CAZES,

13

14 aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and

15 did knowingly and with the intent to defraud, traffic in, have control and custody over, and possess

16 device-making equipment, as defined in Title 18, United States Code, Section 1029(e)(6), affecting

17 interstate and foreign commerce, and did aid and abet such conduct, in violation of Title 18, United

18 States Code, Section 1029(a)(4) and (c)(1)(A)(ii), and Title 18, United States Code, Section 2.

19     51.    It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka

20

21 "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and did

22 knowingly and with the intent to defraud, traffic in one or more unauthorized access devices, as defined

23 in Title 18, United States Code, Section 1029(e)(3), during any one-year period, and by such conduct

24 obtained anything of value aggregating to $1,000 or more during that period, affecting interstate and

25 foreign commerce, and did aid and abet such conduct, in violation of Title 18, United States Code,

26 Section 1029(a)(2) and (c)(1)(A)(i), and Title 18, United States Code, Section 2.

27     52.    In furtherance of the conspiracy and to effectuate the objects and purposes of the

28

INDICTMENT          19

1    conspiracy, the following overt acts, in addition to others, were committed in the Eastern District of

2    California, and elsewhere:

3        a.      In or around December 2014, the defendant, with others, known and unknown to the

4    Grand Jury, publicly launched AlphaBay, a dark-web marketplace allowing for and facilitating

5    the sale of device-making equipment and unauthorized access devices.

6

7        b.      From in or around December 2014 continuing through in or around June 2017, the

8    defendant, with others, known and unknown to the Grand Jury, collected a commission on all

9    sales made through the AlphaBay website.

10       c.      On or about ██████████ 2015, AlphaBay vendor ██████ mailed a █

11   automated teller machine skimming device from in or around ████████████ to AlphaBay

12   user ██████ an undercover law enforcement agent located in or around ████████ California.

13

14       All in violation of Title 18, United States Code, Section 1029(b)(2).

15   COUNT FIFTEEN:   [18 U.S.C. § 1029(a)(4), (b)(1), & (c)(1)(A)(ii), and 18 U.S.C. § 2 –
                      Trafficking in Device Making Equipment, Attempt, and Aiding and Abetting]

16       The Grand Jury further charges:

17                                  ALEXANDRE CAZES,
18                          aka "ALPHA02," aka "ADMIN,"

19   defendant herein, as follows:

20       53.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

21       54.    On the dates set forth in the table below, the defendant, with other persons, known and

22   unknown to the Grand Jury, in the County of ██████ within the State and Eastern District of California,

23   and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and with

24   the intent to defraud, traffic in, have control and custody over, and possess device-making equipment, as

25   defined in subsection (e)(6), as set forth in the table below, affecting interstate and foreign commerce,

26   and aided and abetted such conduct.

27

28

INDICTMENT                                              20

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Transfer Date | Appx. Mailing Locations | Unauthorized Access Device |
|---|---|---|---|---|---|
| ▮ | ▮ an undercover agent | ▮ 2015 | ▮ 2015 | ▮ to ▮ California | automated teller machine skimming device |

All in violation of Title 18, United States Code, Sections 1029(a)(4), (b)(1), & (c)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT SIXTEEN:   [18 U.S.C. § 1956(h) – Money Laundering Conspiracy]

The Grand Jury charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

55.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

56.     As described above, AlphaBay, a dark-web marketplace, hosted digital currency addresses for its users, both vendors and buyers, to carry out illegal transactions, including money laundering services.  AlphaBay also provided tumbling and mixing services to obscure the historical trail of digital currency associated with the site and its users, some of whom were located in the Eastern District of California.  Further, as described above, AlphaBay took a percentage on all illegal transactions occurring through its site as a commission, which went to the defendant and other operators of the site.  In addition, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and co-conspirators, moved their ill-gotten profits throughout the world, including to and from Thailand.

57.     Beginning in or around July 2014 and continuing to in or around June 2017, in the Counties of Fresno, Merced, and ▮ within the State and Eastern District of California, and elsewhere, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," did knowingly and intentionally conspire with other persons, known and unknown to the Grand Jury, to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957.

INDICTMENT                                    21

58.     It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka

"ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, did knowingly

conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of

specified unlawful activities, including: distribution of a controlled substance in violation of Title 21,

United States Code, Section 841(a)(1), knowing that the transactions were designed in whole or in part

to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such

specified unlawful activity, and that while conducting the financial transactions, knew that the property

involved in the financial transactions represented the proceeds of some form of unlawful activity, in

violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

59.     It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka

"ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, did knowingly

engage in monetary transactions involving criminally derived property, through a financial institution,

affecting interstate and foreign commerce, of a value greater than $10,000, such property having been

derived from specified unlawful activities, including: distribution of a controlled substance in violation

of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Section

1957.

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION:          [18 U.S.C. §§ 982(a)(1), 982(a)(2)(B), 1028(b), 1029(c)(1)(C),
                                1963(a)(1), (a)(2), (a)(3), and 21 U.S.C. § 853(a) – Criminal
                                Forfeiture]

60.     Upon conviction of the offense alleged in Count One of this Indictment, defendant

ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the United States pursuant to

Title 18, United States Code, Sections 1963(a)(1), 1963(a)(2), and 1963(a)(3), any interest the defendant

acquired or maintained in violation of Title 18, United States Code, Section 1962; any interest in,

security of, claim against, or property or contractual right of any kind affording a source of influence

over any enterprise which the defendant established, operated, controlled, conducted, or participated in

INDICTMENT                                      22

1 the conduct of, in violation of Title 18, United States Code, Section 1962, as a result of this offense; and

2 any property constituting, or derived from, any proceeds which the defendant obtained, directly or

3 indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

4       61.    Upon conviction of one or more of the offenses alleged in Counts Two through Eight of

5 this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the

6 United States pursuant to Title 21, United States Code, Section 853(a), the following property:

7       a.    All right, title, and interest in any and all property involved in violations of Title

8 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(h), 843(b), and 846 or a

9 conspiracy to commit such offenses, for which defendant is convicted, and all property traceable to such

10 property, including all real or personal property, which constitutes or is derived from proceeds obtained,

11 directly or indirectly, as a result of such offenses; and all property used, or intended to be used, in any

12 manner or part to commit or to facilitate the commission of the offenses.

13       b.    A sum of money equal to the total amount of proceeds obtained as a result of the

14 offenses, or conspiracy to commit such offenses, for which defendant is convicted.

15       62.    Upon conviction of one or more of the offenses alleged in Counts Nine through Thirteen

16 of this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to

17 the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property

18 constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such

19 violations; and pursuant to Title 18, United States Code, Section 1028(b), any personal property used or

20 intended to be used to commit the offenses.

21       63.    Upon conviction of one or more of the offenses alleged in Counts Fourteen and Fifteen of

22 this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the

23 United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting,

24 or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violations; and

25 pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended

26 to be used to commit the offenses.

27       64.    Upon conviction of the offense alleged in Count Sixteen of this Indictment, defendant

28 ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the United States, pursuant to

INDICTMENT

23

1  Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such offense,

2  and any property traceable to such property, including but not limited to the following:

3          a.      A sum of money equal to the amount of money involved in the offense, for which

4  defendant is convicted.

5      65.    If any property subject to forfeiture, as a result of the offenses alleged in Counts One

6  through Sixteen of this Indictment, for which defendant is convicted:

7          a.      cannot be located upon the exercise of due diligence;

8          b.      has been transferred or sold to, or deposited with, a third party;

9          c.      has been placed beyond the jurisdiction of the Court;

10         d.      has been substantially diminished in value; or

11         e.      has been commingled with other property which cannot be divided without

12                 difficulty;

13 it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b)(1), and

14 1963(m), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

15 property of defendant, up to the value of the property subject to forfeiture.

16

17                                                  A TRUE BILL.
                                                    /s/ Signature on file w/AUSA
18                                                  _____
                                                    FOREPERSON
19  PHILLIP A. TALBERT                              KENNETH A. BLANCO
20  United States Attorney                          Acting Assistant Attorney General, Criminal
                                                    Division
21  By: _____
22  KIRK E. SHERRIFF                                JOHN T. LYNCH, JR.
    Assistant United States Attorney                Chief, Computer Crime & Intellectual Property
23  Chief, Fresno Division                          Section

24                                                  By: _____
25                                                  LOUISA K. MARION
                                                    Trial Attorney
26                                                  Computer Crime & Intellectual
                                                    Property Section
27                                                  United States Department of Justice

28

INDICTMENT                                    24